**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**

**v.**

**JONATHAN RADHAMES VICENTE-RAMIREZ,**

**Defendant.**

**Crim. No. 25-226-01 (ADC)**

## OPINION AND ORDER

Jonathan Radhames Vicente-Ramírez ("defendant"), along with several other co-defendants, was originally charged in multi-count indictment with several drug-related and immigration violations. On October 22, 2026, the government moved to dismiss Counts Three and Five against defendant. **ECF No. 322**. The remaining charges against defendant were: (i) Count One, conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B)(ii) and 963; (ii) Count Two, with importation of five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B)(ii) and 18 U.S.C. § 2; and in (iii) Count Four, jettisoning property subject to forfeiture from a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(2) and 18 U.S.C. § 2.[1] Defendant exercised his constitutional right to trial.

[1] Defendant was found guilty of all charges on October 30, 2026.

On the third day of trial, October 29, 2026, at the Rule 29 stage, defense counsel made an oral motion to dismiss Count Four on the ground that Count Four (jettisoning), as it reads, did not include the scienter "knowing" or "intentionally." The parties briefly discussed on the record their positions on the issue. Since it was a legal issue, and having heard the parties and the government's citations of caselaw, the Court denied the request for dismissal of Count Four and indicated that it would memorialize its decision in a written order.[2] Accordingly, as previously announced in open court, the Court **DENIES** defendant's oral motion to dismiss the indictment. **ECF No. 331**

First, defendant's motion is untimely and, thus, waived. Fed. R. Crim. P. 12(b)(1) provides that a party "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits…." *Id*. However, after the 2014 amendments, the Rule makes it clear that motions to dismiss due to a "defect in the indictment"[3] "[m]ust be made *before* trial." Fed. R. Crim. P. 12(b)(3)(emphasis added). Indeed, Fed. R. Crim. P. 12(c)(1) provides that absent an order stating otherwise, "the deadline is the start of the trial." *Id*. The Rule also prescribes the "consequences of not making a timely motion." Fed. R. Crim. P. 12(c). Specifically, unless the party "shows good cause," "[i]f a party does not meet the deadline for making a Rule

[2] Defendant's request under Fed. R. Crim. P. 29 was also denied.

[3] Or any of the following grounds: "(A) a motion alleging a defect in instituting the prosecution, including: (i) improper venue; (ii) preindictment delay; (iii) a violation of the constitutional right to a speedy trial; (iv) selective or vindictive prosecution; and (v) an error in the grand-jury proceeding or preliminary hearing; (B) a defect in the indictment or information; including; (i) joining two or more offenses in the same count (duplicity); (ii) charging the same offense in more than one count (multiplicity); (iii) lack of specificity; (iv) improper joinder; and (v) failure to state an offense; (C) suppression of evidence; (D) severance of charges or defendants under Rule 14; and (E) discovery under Rule 16." Fed. R. Crim. P. 12(b)(3).

12(b)(3) motion, the motion is untimely." Fed. R. Crim. P. 12(c)(3). Defendant did not proffer any explanation as to why the motion was not raised before. Thus, defendant's motion, raised for the first time on the third day of trial, during the jury charge conference, is untimely and deemed waived. On this ground, the motion is **DENIED**.

Second, even if the Court entertained the merits of the argument, which, as explained above, it need not do, the same could be denied for lack of merit. It is true that if read isolated from the rest of the indictment, Count Four does not include the words "knowing" and "intentionally." But in this case, such omission is not dispositive.

The Constitution requires that the indictment include "the essential elements of an offense and 'appraise[ ] a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense.'" *United States v. McLennan,* 672 F.2d 239, 242 (1st Cir. 1982). Building upon those foundational requirements, Fed. R. Crim. P. 7(c)(1) requires that the indictment "contain 'a plain concise and definite written statement of the essential facts constituting the offense charged.'" *United States v. Barbato,* 471 F.2d 918, 921 (1st Cir. 1973).

In general terms, an indictment is sufficient if it states "the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling,* 418 U.S. 87, 117 (1974) (quoting *United States v. Carll,* 105 U.S. 611, 612 (1882)). As noted by a sister court, the "First Circuit… has held that indictments need not

always plead required scienter elements in precise statutory terms such as wi[l]lfully or knowingly as long as other words or facts contained in the indictment necessarily or fairly import guilty knowledge." *United States v. De Castro-Font*, 587 F. Supp. 2d 372, 375 (D.P.R. 2008)(citing *McLennan,* 672 F.2d at 242; *Portnoy v. United States,* 316 F.2d 486, 488 (1st Cir.), *cert. denied,* 375 U.S. 815 (1963); *Hamling,* 418 U.S. at 117–118).

Defendant is charged with importing cocaine (Count Two), conspiring to import cocaine (Count One) and jettisoning cocaine (Count Four) on or around April 27-28, 2025. The importation and conspiracy to import cocaine counts explicitly charge defendant and others with "*knowingly and intentionally*… conspir[ing]… to import… cocaine…." and "aiding and abetting each other… *intentionally and knowingly* imported cocaine…." *See* **ECF No. 34** at 1-2 (emphasis added). Several paragraphs below, the indictment further charges defendant and others with "aiding and abetting each other… [in] jettison[ing] narcotics…." *Id.*, at 3. Reading the indictment as a whole, it does apprise defendant and the jury of the fact that defendant is charged with knowingly and intentionally jettisoning the narcotics imported on April 27-28, 2025. *United States v. Colón-Quiles*, 859 F. Supp. 2d 229, 231 (D.P.R. 2012)("A court reads an indictment as a whole and construes the allegations in a practical sense, with all necessary implications.")(cleaned up). Moreso, evidence at trial was not only significant but it also provided support from which the jury could have made a determination as to "knowing and intentionally."

Defendant does not assert (and cannot do in good faith) that he was prevented from preparing a meaningful defense due to the fact that the jettisoning charge (Count Four) did not repeat the words "knowingly" and "intentionally," which were expressly included in the importation of cocaine counts (Counts One and Two) in the immediately preceding paragraphs of the indictment. Actually, Count Four correctly alludes to "46 U.S.C. § 70503(a)(2)…."as the statutes violated. In its pertinent part, § 70503(a)(2) reads:

> (a)Prohibitions.—An individual may not knowingly or intentionally—
> …
>> (3) conceal, or attempt or conspire to conceal, more than $100,000 in currency or other monetary instruments on the person of such individual while on board a covered vessel or in any conveyance, article of luggage, merchandise, or other container, or compartment of or aboard the covered vessel if that vessel is outfitted for smuggling.

Having reviewed the record and the applicable law, for the reasons stated above defendant's oral motion is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 9th day of November 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**